UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
B. LEE FREEMAN,

                Plaintiff,

     -against-

DEPARTMENT OF ENVIRONMENTAL
PROTECTION,

                Defendant.
-------------------------------------------------------------X

**ORDER**

**10-CV-1555 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Pro se Plaintiff B. Lee Freeman brought this action against Defendant New York City Department of Environmental Protection (DEP) alleging race, gender, and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., ("Title VII"). (See Compl. (Dkt. 1).) On April 17, 2012, the court granted Defendant leave to move under Federal Rule of Civil Procedure 56 for summary judgment on all of Plaintiff's claims, and referred Defendant's motion to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b). (See April 17, 2012, Order (Dkt. 34).)

      On February 5, 2013, Judge Bloom issued an R&R recommending that Defendant's motion be granted and Plaintiff's Amended Complaint be dismissed. (See R&R (Dkt. 48).) Judge Bloom recommended that: (1) Plaintiff's discrimination claims be dismissed because she failed to establish an adverse employment action as required to make out a prima facie case of discrimination (see id. at 8-16); (2) Plaintiff's hostile work environment claims be dismissed because Plaintiff failed to put forth evidence that her workplace was permeated by discrimination that was sufficiently severe or pervasive to constitute a viable claim (see id. 16-18); and (3) that

1

Plaintiff's retaliation claims be dismissed because the event for which Plaintiff claimed retaliation—her internal EEOC complaint—was not protected activity, and there was no causal connection between her activity and the alleged retaliation (see id. 19-24).

Plaintiff filed an objection to Judge Bloom's R&R on February 19, 2013. (See Obj. (Dkt. 49).) In her objection, Plaintiff "strongly disagreed with th[e] report," argued that her supervisor had lied, and reiterated her argument that she had been the victim of retaliation. (Id.)

When a district court receives timely objections to a magistrate judge's R&R, the court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review of a magistrate judge's R&R, an objecting party "must point out the specific portions of the report and recommendation to which [she] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [R&R]." (emphasis added)). If a party "makes only conclusory or general objections, or simply reiterates [her] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entergris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under [ ] Fed. R. Civ. P. 72(b)"). Portions of the R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2.

Even affording Plaintiff's objections the liberal reading required for pro se submissions, her submission merely reiterates her original arguments and states a general disagreement with

the outcome of the R&R.  Accordingly, the court will review the R&R only for clear error. Finding no clear error in Judge Bloom's well-reasoned analysis and conclusion, the court adopts the R&R in full.  See Wilds v. United Parcel Services, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Judge Bloom's R&R recommending that the court grant Defendant's motion for summary judgment and dismiss Plaintiff's Amended Complaint is ADOPTED IN FULL.  The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
       March 5, 2013

/s/
NICHOLAS G. GARAUFIS
United States District Judge